**ORIGINAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
MAR 1 8 2005

Michael N. Milby, Clerk

| | |
|---|---|
| **BEVERLY SCHELSTEDER, and** | § |
| **KENNETH SCHELSTEDER,** | § |
| **Plaintiffs,** | § |
| | § |
| **V.** | § |
| | § |
| | § |
| | § |
| **MONTGOMERY COUNTY, TEXAS,** | § |
| **GUY WILLIAMS, RAY ZAVADIL,** | § |
| **RICKY STAGGS, and LAURA GILL,** | § |
| **Defendants.** | § |
| | § |

# H-05-0941

C.A. NO._____
**(JURY DEMANDED)**

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID UNITED STATES DISTRICT COURT:

NOW COMES Beverly Schelsteder and Kenneth Schelsteder, hereinafter called Plaintiffs, in the above-entitled and numbered cause of action, and files this Original Complaint against Montgomery County, Texas, Sheriff Guy Williams, Ray Zavadil, Ricky Staggs, and Laura Gill (collectively called "Defendants"), and would respectfully show the Court as follows:

### I. PARTIES

1. The Plaintiff

1a.    Plaintiff, Beverly Schelsteder, is a resident of the Southern District of Texas.

1b.    Plaintiff, Kenneth Schelsteder, is a resident of the Southern District of Texas.

2.  The Defendants

2a.  The Defendant, Montgomery County, Texas, ("the County") is a governmental entity that operates the Montgomery County Sheriff's Department and the Montgomery County Constables Office and is legally responsible for the actions of its employees and peace officers.  It is located in Montgomery County, Texas.

2b.  The Defendant, Guy Williams ("Williams"), is an individual who is a citizen of Texas and a resident of the Southern District of Texas.  At all times relevant to this lawsuit, the Defendant Guy Williams was acting individually and within the scope and course of his employment and/or appointment as the Montgomery County Sheriff, and as a policy making official of the County and Sheriff's Department.

2c.    The Defendant, Ray Zavadil ("Zavadil"), is an individual who is a citizen of Texas and a resident of the Southern District of Texas.  At all times relevant to this lawsuit, the Defendant Officer Ray Zavadil was acting within the scope and course of his employment as a Deputy Constable for the Montgomery County Constable's Office.

2d.    The Defendant, Ricky Staggs ("Staggs"), is an individual who is a citizen of Texas and a resident of the Southern District of Texas.  At all times relevant to this lawsuit, the Defendant Officer Ricky Staggs was acting within the scope and course of his employment as a Deputy Sheriff for the Montgomery County Sheriff's Department.

2e.    The Defendant, Officer Laura Gill ("Gill"), is an individual who is a citizen of Texas and a resident of the Southern District of Texas.  At all times relevant to this lawsuit,

the Defendant Officer Gill was acting within the scope and course of her employment as a

Deputy Constable for the Montgomery County Constable's Office.

## II. <u>JURISDICTION</u>

3.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331

because Plaintiffs are asserting a cause of action that arises under a federal statute.

Additionally, and in the alternative, this Court has subject-matter jurisdiction pursuant to 28

U.S.C. § 1343(3). This Court has supplemental jurisdiction over all other claims pursuant to

28 U.S.C. § 1367 because the other claims are so related to the federal cause of action that

they form part of the same "case or controversy," as that term is used and understood in

Article III of the U.S. Constitution and 28 U.S.C. § 1367.

4.     Venue is proper in the United States District Court for the Southern District of

Texas, Houston Division pursuant to 28 U.S.C. § 1391(b) because the Defendants' reside

within the district and because a substantial part of the acts or omissions giving rise to the

claim occurred within the district.

## III. <u>CONDITIONS PRECEDENT</u>

5.     All conditions necessary for the maintenance of this action have been

performed of have occurred.

## IV. <u>FACTUAL BACKGROUND</u>

6.     On or about April 5, 2003, at approximately 12:00 a.m., Defendant, Officer

Ricky Staggs, entered booth #82 at the Montgomery County Fairgrounds Barbeque Cook Off

and told everyone in the tent to leave immediately unless they were spending the night. An

occupant of the tent told Officer Staggs that the band was packing their equipment and that the tent required straightening. Officer Staggs stepped into very close proximity with the occupant and belligerently said they were not moving fast enough and ordered him to start walking toward the gate immediately. Officer Staggs was told that some of the ladies would need an opportunity to gather their belongings.

7.     Plaintiff, Kenneth Schelsteder, emerged from the back of the tent and asked Officer Staggs what the problem was. Officer Staggs rudely told Mr. Schelsteder, it was not any of his business. Mr. Schelsteder, a retired Harris County deputy constable, explained that it was his booth and if there was a problem he would like to know so he could help remedy it.

8.     Approximately 10-15 officers arrived at the tent. Kenneth Schelsteder attempted to calm Officer Staggs down who was evidently showing off for the other officers. Officer Staggs rejected Mr. Schelsteder's attempts to help settle the problem and Mr. Schelsteder began to walk away. Officer Staggs called Mr. Schelsteder back, accused him of using profanity and requested his identification. Mr. Schelsteder had not referred to Officer Staggs in any derogatory manner, however complied by producing his identification. Contrary to his earlier request, Officer Staggs told Mr. Schelsteder that he did not ask for the identification and did not need to see it. Officer Staggs then, without probable cause or due reason, placed Mr. Schelsteder under arrest and cuffed him with department issued handcuffs.

9.     Plaintiff, Kenneth Schelsteder, was arrested and handcuffed in front of his friends, peers, colleagues, wife and children causing him embarrassment, humiliation and

shame.  Defendant, Officer Staggs, willfully, intentionally, knowingly, negligently and maliciously arrested Mr. Schelsteder without probable cause so as to cause mental anguish and in violation of rights guaranteed Mr. Schelsteder by the United States Constitution and the laws of Texas.

10.    Officer Staggs was informed that Plaintiff, Kenneth Schelsteder, is 56 years old and is in bad health, suffering from several severe medical conditions including diabetes and heart problems for which he has had open-heart surgery and takes medication.  Officer Staggs and other officers negligently ignored the warnings of Mr. Schelsteder's bad health and requests for assistance and maliciously forced him to remain handcuffed and walk up hill to the officer's post because, as the officers explained, they had no respect for Harris County officers.  This malicious treatment aggravated Mr. Schelsteder's medical conditions and needlessly caused him pain and suffering.  Kenneth Schelsteder was taken to jail and detained overnight until released after a hearing the following morning.

11.    Plaintiff, Beverly Schelsteder, who had left the premise with her son and was walking to the gate after being singled out and belligerently ordered to leave by Officer Staggs, saw her husband being arrested.  Mrs. Schelsteder turned around and inquired as to why they were arresting her husband.  Defendant, Officer Ray Zavadil, rudely pushed Mrs. Schelsteder back and told her it was none of her business.  Mrs. Schelsteder tried to tell Officer Zavadil that her husband was in bad health, having diabetes and a severe heart condition, and that she needed to know where they were taking him because he needed his medication.  All of the sudden without warning, Officer Zavadil violently reached for,

grabbed and jerked Mrs. Schelsteder's right arm, twisting it behind her back causing severe and sharp pain in her shoulder and neck. Officer Gill aggressively ran toward Mrs. Schelsteder and physically assisted Officer Zavadil in putting Mrs. Schelsteder in department issued handcuffs. The arrest was without probable cause and in violation of Beverly Schelsteder's Constitutional rights.

12.    Mrs. Schelsteder is 5 feet 2 inches tall and 51 years old. She made no attempt to escape, did not resist arrest and posed no threat to the officers. Additionally, the crime she was being accused of was minor. Therefore, the force used against Mrs. Schelsteder was objectively unreasonable and constituted excessive force in violation of her Constitutional rights. The excessive force used to arrest and handcuff Mrs. Schelsteder caused serious injury to her shoulder, which resulted in a torn rotator cuff, and caused her to endure fear, pain and suffering.

13.    Beverly Schelsteder asked Officer Zavadil why she was being arrested. Officer Zavadil answered, Public Intoxication. Mrs. Schelsteder, who had not been drinking, asked Officer Zavadil to give her a breath alcohol content test and a field sobriety test. Officer Zavadil refused to administer either test stating that he did not have to in order to arrest her.

14.    Plaintiff, Beverly Schelsteder, was arrested and handcuffed, without probable cause or due reason, in front of her friends, peers, colleagues, husband, son and daughter causing her embarrassment, humiliation and shame. Defendant, Officer Zavadil and Officer Gill, willfully, knowingly, negligently, intentionally and maliciously arrested Mrs.

Schelsteder in this manner to cause her mental anguish and physical injury in disregard for her rights guaranteed by the United States Constitution and the laws of Texas.

15.     Emergency medical services were summoned to treat Beverly Schelsteder for injuries resultant from the excessive force used in affecting her unlawful arrest by Officer Zavadil. Officer Zavadil continued to chastise Mrs. Schelsteder with insults, accusations and profanity while EMS was attending to her. EMS transported Mrs. Schelsteder to the hospital. Officer Zavadil, although having released Mrs. Schelsteder from custody at the scene, followed her to the hospital where he continued to insult and threaten her. Officer Zavadil subjected Mrs. Schelsteder to excessive verbal abuse and threats to cause, and which resulted in, her fear, shame and humiliation in violation of rights guaranteed by the United States Constitution and the laws of Texas.

16.     Plaintiff, Beverly Schelsteder, was summoned to court by the constable's notice to appear/official process on the charges of public intoxication and disorderly conduct, by Officer Zavadil and Officer Gill, without probable cause. The officers levied the illegitimate charges willfully, knowingly and maliciously for the purpose of causing Mrs. Schelsteder fear, shame and humiliation in forcing her to appear in court in answer to the charges.

## V. <u>COUNT ONE</u>

### <u>42 U.S.C. § 1983 Violations of Constitutional Rights as to the Defendants Montgomery County, Texas, Sheriff Guy Williams, Ray Zavadil, Ricky Staggs, and Laura Gill</u>

17.     Plaintiffs reallege and incorporate by reference paragraphs 1-16 of the Complaint as if set forth at this point in the Complaint verbatim.

18.     The actions of Defendants Sheriff Guy Williams, Ricky Staggs, Ray Zavadil, Laura Gill, and Montgomery County Texas, and their creation and establishment of the policies, customs, or procedures of the Montgomery County Sheriff's Department and the Montgomery County Constable's Office, acting under color of law, violated Kenneth Schelsteder's and Beverly Schelsteder's, clearly established rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. Specifically, this conduct violated their rights:  (1) to be free from unlawful arrest and detention under the Fourth and Fourteenth Amendments to the Constitution of the United States; (2) to be free from unreasonable seizure of her/his person under the Fourth Amendment to the Constitution of the United States; and (3) to be free from the use of unreasonable, unnecessary, and excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs allege their Fourth and Fourteenth Constitutional rights were violated when they were arrested, detained and maliciously prosecuted without probable cause or warrant and bring this claim pursuant to 42 U.S.C. §1983.

19.     Acting under color of law, Officer Staggs knowingly, intentionally, maliciously and without reasonable cause violated Kenneth Schelsteder's Fourth and Fourteenth Constitutional Rights when he arrested Kenneth Schelsteder without reason or probable cause for Public Intoxication under Texas Penal Code Statute §49.02.  Officer Staggs effectuated the arrest knowing that Kenneth Schelsteder was not under the influence of alcohol or any other substance to the degree to endanger himself or another.  Kenneth Schelsteder was not intoxicated or under the effect of any other substance and told the

arresting officer this information.  Officer Staggs did not test or investigate to discover or prove if Plaintiff had been drinking.  In fact, Officer Staggs refused to test Kenneth Schelsteder or look at his diabetic card to establish probable cause.  Officer Staggs cannot claim qualified immunity because he knew the arrest to be unlawful and in violation of Kenneth Schelsteder's Constitutional and Statutory rights.

20.      Further, Kenneth Schelsteder was subjected to cruel and unusual punishment in violation of his rights protected by the Eighth Amendment to the United States Constitution. Defendants maliciously forced Kenneth Schelsteder to walk handcuffed up a hill to the officer's post with total disregard for his physical impairments and the pain inflicted.

21.      Officers Zavadil and Gill, acting under color of law, knowingly, maliciously and without reasonable cause violated Beverly Schelsteder's Fourth and Fourteenth Constitutional Rights when they arrested her without reason or probable cause for Public Intoxication under Texas Penal Code Statute §49.02.  Officers Zavadil and Gill knew this arrest was unlawful and in violation of Plaintiffs' Constitutional and statutory rights.  Beverly Schelsteder had not consumed any alcohol or any substance to make her act or appear intoxicated.  Officers asked her no questions to inquire if she had been drinking or taken any substance.  Officers Zavadil and Gill refused to administer any test to substantiate their claim or provide probable cause.    Officers Zavadil and Gill effectuated this arrest with the knowledge that Beverly Schelsteder was not under the influence of alcohol or any other substance to the degree to endanger herself or another.  Because of this intentional violation

of Constitutional and Statutory rights, Officers Zavadil and Gill cannot claim qualified immunity.

22.     Further, Beverly Schelsteder alleges that the amount of force used to effect her arrest was objectively unreasonable regardless of the lawfulness of the arrest.  Officers Zavadil and Gill used an objectively unreasonable amount of force and caused Beverly Schelsteder severe injury without the need for application of force, because of absence of threat, while arresting her for an alleged minor offense.

23.     Sheriff Guy Williams, is authorized to make policies and is a policymaker for Montgomery County.  Plaintiffs allege that the practices or customs of arresting without due reason or probable cause, the use of excessive force and/or cruel and unusual punishment in violation of Constitutional rights are common, pervasive, widespread or adopted practices, policies or customs known to named defendants.  As such, Plaintiffs allege that Montgomery County is subject to liability.  Specifically, Plaintiffs allege that Montgomery County's arrest and use of force policies are unconstitutional on their face and/or are the result of informal orders, directions or practices that constitute a custom of Constitutional violations. Alternatively, Plaintiffs alleges a single decision by Sheriff Williams, the final policy maker for the county, or his agents or employees with decision-making authority was sever enough to amount to a policy or custom of excessive force, unlawful search and seizure, and/or cruel and unusual punishment.

## VI.  COUNT TWO

### Plaintiffs' State Law Claim of Negligence as to Defendant Montgomery County, Texas

24.     Plaintiffs reallege and incorporate by reference paragraphs 1-23 of the Complaint as is set forth at this point in the Complaint verbatim.

25.     Plaintiffs, Kenneth Schelsteder and Beverly Schelsteder, would show Defendant, Montgomery County, Texas, negligently hired and negligently retained Officer Ricky Staggs, Officer Ray Zavadil and Officer Laura Gill in breach of Defendants' legal duty to hire, supervise and retain competent employees and that breach of duty proximately caused the Plaintiffs' injuries.  Thereby these actions are independently actionable under Texas law.

26.     Plaintiffs, Kenneth Schelsteder and Beverly Schelsteder, would show Defendant, Montgomery County[1], Texas, negligently trained Officer Ricky Staggs, Officer Ray Zavadil and Officer Gill in breach of Defendants' legal duty to adequately train[2] said officers in, but not limited to, conflict resolution, arrest procedures, probable cause, field sobriety and arrest techniques.  By this breach the Defendant proximately caused Plaintiffs' injuries.  Thereby this action is independently actionable under Texas law.

27.     The Defendant, Montgomery County, Texas, is liable for negligence under the Texas Tort Claims Act, Section 101.021(2) because Ricky Staggs, Ray Zavadil and Officer Gill, County employees of the Montgomery County Sheriff's Department and the Montgomery County Constable's Office, in the course and scope of their employment, were

[1] *Canton v. Harris*, 489 U.S. 378, 380 (1989).  Municipalities can be held liable under §1983 "for Constitutional violations resulting from its failure to train municipal employees." *Id.*
[2] *Houser v. Smith*, 968 S.W.2d 542, 544 (Tex. App.—Austin 1997, not writ).

negligent in their use of tangible personal property, which was the proximate cause of Plaintiff's injuries and damages.

28.    The Texas Tort Claims Act establishes in pertinent part that a governmental unit in the state is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant under Texas law."[3]

29.    "Although a clearly intentional act may not be legitimately characterized as negligence in an effort to bypass state sovereign immunity, there is no impediment to a proper characterization of negligence where the facts may show that officers in the course and scope of their duty improperly or negligently used tangible personal property during an arrest, resulting in an injury."[4]  Under Texas case law, when an action for intentional tort is barred, it does not prevent the injured party from pursuing a simple negligence claim arising out of the same facts.[5]  Specifically, the Texas Supreme Court held that the Texas Tort Claims Act did not preclude recovery for injuries resulting from the negligent use of tangible property when the same set of facts supported a claim for the intentional tort of false imprisonment.[6]

---

[3] *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2).
[4] *Hucker v. City of Beaumont*, 144 F.Supp.2d 696, 708 (E.D. Tex. 2001) (internal citation omitted).
[5] *Id.* (citing *Jefferson County v. Sterk*, 830 S.W.2d 260, 261 (Tex. App.—Beaumont 1992, no writ history)).
[6] *Texas Dept. of Mental Health and Mental Retardation v. Petty*, 848 S.W.2d 680, 685 (Tex. 1992), *overruled on other grounds, Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

30.     In this case, Officer Staggs, Officer Zavadil and Officer Gill were negligent[7] in the use of their department issued equipment including, but not limited to, handcuffs and county issued process/notice to appear.  Their actions and uses of department issued and provided equipment were highly unreasonable and far beyond that of an ordinary prudent police officer in a similar situation.

31.     Proper notice has been given to the Defendants as required by the Texas Tort Claims Act.[8]  Defendant, Montgomery County, Texas, had actual notice[9] of Plaintiff's injuries; and had actual notice that Officer Staggs and Officer Zavadil were involved in and were witnesses to the incident in question.  The incident has been reported to and is being investigated by the Montgomery County Sheriff's Department, as a result of the investigation, Montgomery County acquired full, complete, and actual knowledge of the occurrence, giving rise to Plaintiff's cause of action.  In addition, formal written notice has been provided to the Defendants pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 101.101.  All of the notice described herein was actual or within 6 months of the incident and the notice reasonably described the damages and/or injuries claimed, the time and place of the incident, and the incident itself.

---

[7] A governmental entity can be held liable for the negligence of its employees. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); *DeWitt v. Harris City*, 904 S.W.2d 650, 653 (Tex. 1995).

[8] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a), (c).

[9] In order to constitute actual notice, a governmental entity must have knowledge of the injury, the entity's alleged fault in contributing to it, and the identity of the parties involved. *Garcia v. Texas Dept. of Criminal Justice*, 902 S.W.2d 728, 730 (Tex. App.—Houston [14th Dist.] 1995, no writ).

## VII.  **ACTUAL DAMAGES**

32.    As a direct and proximate result of the Defendants' unlawful acts, conduct and/or omissions made the basis of this lawsuit, Plaintiffs, Kenneth Schelsteder and Beverly Schelsteder, were caused to suffer serious personal injuries.

33.    As a result of Defendants' acts, Plaintiffs, Kenneth Schelsteder and Beverly Schelsteder, suffered needlessly with anxiety, pain, and/or illness resulting in damages more fully set forth below, Plaintiffs incurred the following damages:

   a.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff Beverly Schelsteder for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Montgomery and Harris Counties, Texas;

   b.  reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   c.  physical pain and suffering in the past;

   d.  mental anguish in the past;

   e.  physical pain and suffering in the future;

   f.  mental anguish in the future;

   g.  physical impairment in the past;

   h.  physical impairment which, in all reasonable probability, will be suffered in the future;

   i.  disfigurement in the past;

   j.  disfigurement in the future; and

   k.  personal discomfort, annoyance, and inconvenience.

34.     The damages sustained by Plaintiffs as set forth above were the direct and proximate result of Defendants Montgomery County, Texas, Sheriff Guy Williams, Ray Zavadil, Ricky Staggs, and Laura Gill.  Plaintiffs specifically reserve the right to further plead damages at a later date.

## VIII.  **PUNITIVE DAMAGES**

35.     As to Plaintiffs' claims against Defendants, Montgomery County Texas, Sheriff Guy Williams, Officer Ricky Staggs, Officer Ray Zavadil, and Officer Laura Gill, such acts or omissions were malicious or done with conscious indifference as defined by state law and entitle the Plaintiffs to recover punitive and/or exemplary damages.

## IX.  **ATTORNEY FEES**

36.     It was necessary for Plaintiffs to hire the undersigned attorneys to file this lawsuit.  Upon judgment, Plaintiffs are entitled to an award of attorney fees and cost under 42 U.S.C. § 1988(b) and TEX.BUS. & COMMERCE CODE ANN. ARTS 17.46(b) & 17.50(a) & (b)(1).

## X.  **JURY REQUEST**

37.     Plaintiffs hereby request a trial by jury.

## XI.  **PRAYER**

38.     For these reasons, Plaintiffs ask for judgment against all Defendants, jointly and severally, for the following:

a.     All actual damages sustained by Plaintiffs.

b.      All punitive damages assessed against Defendant Montgomery County, Sheriff Guy Williams, Officer Ricky Staggs, Officer Ray Zavadil and Officer Laura Gill.

c.      Prejudgment and post judgment interest.

d.      Costs of suit, including attorney fees.

All other relief the court deems appropriate.

Respectfully submitted,

**MATT FREEMAN & ASSOCIATES**

By:
        D. Matthew Freeman
        State Bar No. 24027171
        SD Tex. No. 27102
        Charles M. Hessel
        State Bar No. 24046071
        SD Tex. No. 570588
        230 Westcott, Suite 202
        Houston, Texas 77007
        Telephone: (713) 255-7400
        Facsimile:  (713) 255-7405

**ATTORNEYS FOR PLAINTIFFS**
**BEVERLY SCHELSTEDER AND KENNETH**
**SCHELSTEDER**

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

**I. (a) PLAINTIFFS**
Beverly Schelsteder &
Kenneth Schelsteder

**DEFENDANTS**
Montgomery County Texas, et al.

**(b)** County of Residence of First Listed Plaintiff  Montgomery County
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant  Montgomery County
(IN U S PLAINTIFF CASES ONLY)

NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matt Freeman & Associates
230 Westcott, Ste. 202
Houston, Tx 77007

Attorneys (If Known)

H-05-0941

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☑ 1 U S Government Plaintiff | ☑ 3 Federal Question (U S Government Not a Party) |
| ☐ 2 U S Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☑ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983
Brief description of cause:
Unlawful arrest

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE

DOCKET NUMBER

DATE
3/18/05

SIGNATURE OF ATTORNEY OF RECORD
D. Matthew Freeman

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____